RAYMOND H. ELLIOTT, ADMINISTRATOR, APPELLEE, v. CITY OF UNIVERSITY PLACE, APPELLANT.

FILED MARCH 1, 1918.   No. 19933.

Death: DAMAGES. The damages recoverable under section 1429, Rev. St. 1913, are limited to money loss or its equivalent.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed on condition.*

*E. J. Clements* and *H. B. Muffly,* for appellant.

*Berge & McCarty, contra.*

Dean, J.

University Place is a city of the second class having less than 5,000 population. It owns, maintains and operates an electric lighting plant for commercial purposes and sells electric current to its citizens. To extend its wires about the city it uses some of the poles that by agreement are also used by the Lincoln Telephone & Telegraph Company. Raymond M. Elliott is administrator of the estate of Alfred W. Anderson, intestate decedent. As administrator he sued the defendent city to recover $25,000 damages for the death of the intestate that was occasioned, as he alleged, by reason of the grossly careless and inefficient manner in which the city maintained certain of its poles, wires and electric appliances generally that were used by it in the transmission of its product in and about the city. Plaintiff recovered a verdict and judgment for $12,010.52. Defendant's motion for a new trial was overruled on condition that plaintiff remit $2,010.52, this sum being the interest on $10,000 at 7 per cent. per annum from May 13, 1913, the date of the accident, until the date of the judgment. Plaintiff complied with the imposed condition, and the defendant city appealed.

Before the commencement of this action plaintiff as administrator of the estate sued the telephone company for damages arising out of the same accident, decedent being then in its employ, and upon trial to the court he recovered judgment for $5,000. This was subsequently paid, but it was agreed that the acceptance of this sum by plaintiff should not bar an action against defendant in the present case.

The accident occurred in substantially the following manner. In the course of his employment plaintiff's decedent ascended one of the poles that was used in common by the telephone company and the defendant city, for the purpose of attaching thereto a telephone wire. As he began his descent he seized with his right hand one of the iron straps which supported one

end of a cross-bar on the telephone pole, and which was electrified because of defective insulation on one of the primary wires. At the same time his left leg came in contact with the upper part of the metal conduit which contains the telephone ground wires. The electrical circuit being thereby completed, plaintiff's intestate was instantly killed. It seems the accident was brought about by faulty insulations and construction of defendant's electrical appliances on the pole in question.

The following facts are uncontradicted: Mr. Anderson just prior to his death was in the employ of the Lincoln Telephone & Telegraph Company as a repair-man. He worked for the company altogether about three years, and began at a monthly wage of $60. At the time of his death he was aged 32 years and was receiving $75 a month. The manager of the telephone company testified that he was unusually capable. He left as dependents a wife and one child under two years of age. He was strong and vigorous, of good habits, and constantly employed. He was industrious. He attended college for two years after his marriage, and was preparing himself for the ministry. That he was a man of more than average intelligence is conceded. In his habits he was frugal. He was not addicted to the use of intoxicants nor tobacco. In April, 1912, he bought a home for $1,450, and was paying for it by monthly instalments of $15, and had paid $650. The Carlisle table in evidence shows that his expectancy of life was about 33 years.

Such facts as these present an alluring field for the eloquence of able counsel, and it may be that the sympathy of a responsive jury was unduly aroused. In any event the verdict and the judgment appear to be greater than a fair construction of section 1429, Rev. St. 1913, will permit, which provides in this class of cases that "the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such

death.'' The damages recoverable under the statute are limited to money loss or its equivalent. Pain and anguish, loss of society and companionship are not proper elements of damage under this statute.

In oral argument defendant stated that a reversal was not sought on the ground of contributory negligence by plaintiff's decedent, but insisted that the judgment should be substantially reduced. We conclude that the judgment is at least 25 per cent. greater than the testimony will warrant under a fair construction of the statute, and unless plaintiff files a remittitur of $2,500 within 30 days the judgment of the district court will be reversed and the cause remanded for a new trial.

AFFIRMED ON CONDITION.

SEDGWICK, J., not sitting.